[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS POST JUDGMENT # 123
The Plaintiff Barbara A. Cohen moves to dismiss the Defendant's William I. Cohen post-judgment motion to modify child support and alimony. First, the Plaintiff moves to dismiss on the ground that the court lacks subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), General Statutes § 46b-90. Second, the Plaintiff moves to dismiss on the ground that the court should decline jurisdiction based on forum non conveniens.
The U.C.C.J.A. is not applicable to the present motion to dismiss. CT Page 5085-dc General Statutes § 46b-92 (3) provides in relevant part that "`[c]ustody determination' . . . does not include a decision relating to child support or any other monetary obligation of any person," Here, the relevant motion concerns child support and alimony, not child custody. Accordingly, the court does not dismiss this action because of lack of subject matter jurisdiction pursuant to the U.C.C.J.A.
The court, however, declines to exercise jurisdiction over the present matter based on the doctrine of forum non conveniens. "As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where trial will best serve the convenience of the parties and the ends of justice. . . . The question to be answered is whether [the] . . . chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." (Citations omitted; internal quotation marks omitted.)Picketts v. International Playtex, Inc., 215 Conn. 490, 500-01, 576 A.2d 518
(1990). Here, both the Plaintiff and Defendant no longer reside in Connecticut. The Plaintiff, with the minor child, resides in the state of New York, while the Defendant resides in the state of New Hampshire. A support enforcement proceeding in New York has resulted in the garnishment of the Defendant's wages, and this order is currently in effect. Moreover, an action currently exists in New Hampshire concerning the enforcement of the support order. Consequently, the court declines to exercise jurisdiction because no one affected by the present action resides in Connecticut and pending litigation exists in New York and New Hampshire concerning the support order. The Plaintiff's motion to dismiss the post-judgment motion to modify child support and alimony is granted.
HILLER, J.